IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN DAVID ONDERDONK | ) | |
| | ) | |
| v. | ) | No. 2:19-0001 |
| | ) | |
| ANDREW M. SAUL | ) | |
| Commissioner of Social Security[1] | ) | |

**To:** The Honorable Waverly D. Crenshaw, Chief District Judge

# REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner" or "Defendant") denying Plaintiff's claim for Supplemental Security Income ("SSI") as provided under Title XVI of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (*see* Docket Entry ("DE") 17), to which Defendant has filed a response. *See* DE 20. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for initial consideration and a Report and Recommendation. *See* DE 4.

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion (DE 17) be **DENIED**.

---

[1] Andrew M. Saul has been appointed Commissioner of the Social Security Administration. He is therefore automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

# I. INTRODUCTION

Plaintiff filed applications for disability insurance benefits ("DIB") and SSI on November 12, 2016. *See* Transcript of the Administrative Record (DE 13) at 58-59.[2] He alleged a disability onset date of December 31, 2008 and asserted that he was unable to work because of functional limitations stemming from arthritis, back and shoulder problems, panic attacks, and a mood disorder. AR 58-59, 90. Plaintiff's applications were denied initially and upon reconsideration. AR 58-59, 84-85. Pursuant to his request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ Edward Bowling on August 7, 2018. AR 16. At the hearing, Plaintiff amended his alleged onset date to November 12, 2016, which, in light of Plaintiff's inability to meet the insured status requirements of Title II beyond December 31, 2009, rendered his DIB claim unsustainable. AR 4-5. The ALJ therefore dismissed the claim for DIB.

On August 7, 2018, the ALJ granted Plaintiff's remaining SSI claim after determining that Plaintiff was "disabled" as part of a "wholly favorable oral decision." AR 13-15, 34-36.[3] However, the Appeals Council ("AC") issued a notice of review on August 28, 2018 and subsequently reversed the ALJ's favorable decision on November 5, 2018. AR 4-10. The AC's decision denying SSI currently represents the final decision of the Commissioner. This civil action was thereafter timely filed and this Court has jurisdiction. 42 U.S.C. § 405(g).

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding Bates-stamped number(s) in large black print in the bottom right corner of each page.

[3] There is no indication that the ALJ issued an accompanying written decision.

## II. THE ALJ FINDINGS

The AC's unfavorable decision on November 5, 2018 included the following enumerated findings based upon the record:

1. The claimant has not engaged in substantial gainful activity since November 12, 2016.

2. The claimant has the following "severe" impairments: degenerative joint of the bilateral shoulders with tears, degenerative disc disease of the lumbar spine, and osteoarthritis, but does not have an impairment or combination of impairments which is listed in, or is medically equal to an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.

3. The claimant's combination of impairments results in the following limitations on his ability to perform work-related activities: the claimant has the residual functional capacity to perform light work, as defined in 20 CFR 416.967(b), except he has additional non-exertional limitations that limit [] him to no bilateral overhead reaching, frequent bilateral reaching in all other directions, occasional postural limitations, and he would need to avoid temperature extremes, workplace hazards, and vibrations.

4. The limitations on the claimant's ability to perform work-related activities as set forth in Finding 3 do not preclude the performance of past relevant work as telemarketer (DOT Code # 299.357-014, sedentary, semi-skilled) and/or general clerk (DOT Code # 209.562-010, light, semi-skilled). The record shows the claimant has performed these jobs in the past 15 years, has performed these jobs long enough to learn them, and the claimant has engaged in substantial gainful activity while perform[ing] these jobs. Therefore, the claimant's combination of impairments does not preclude the performance of past relevant work (20 CFR 416.920(e)).

5. The claimant is not disabled as defined in the Social Security Act at any time from the amended alleged onset date, November 12, 2016, through the date of the Administrative Law Judge's decision dated August 7, 2018 [sic].

AR 9.

## III. REVIEW OF THE RECORD

The parties and the AC have sufficiently summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

# IV. DISCUSSION AND CONCLUSIONS OF LAW

## A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If substantial evidence supports the ALJ's decision, that decision must be affirmed "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). In other words:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

The ALJ utilizes a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 416.920(a). If the issue of disability can be resolved at any point during the evaluation, the ALJ does not proceed to the next step and the claim is not reviewed further. *Id*. § 416.920(a)(4). At step one, the claimant must show that he is not engaged in "substantial gainful activity" at the time disability benefits are sought; at step two, the ALJ considers whether one or more of the claimant's alleged impairments are "severe" in nature; at step three, the ALJ determines whether the impairments at issue meet or equal one of the Listings contained in the

regulatory List of Impairments; at step four, the ALJ considers the claimant's residual functional capacity ("RFC") and determines whether the claimant can still perform past relevant work; at step five, the burden of proof shifts to the ALJ to assess whether the claimant, after establishing that past relevant work is no longer possible, is capable of performing other types of work. *Id*.

If the ALJ determines at step four that the claimant can perform past relevant work, the claimant is "not disabled" and the ALJ need not complete the remaining steps of the sequential analysis. *Id*. § 416.920(a)(4)(iv). "Past relevant work" is defined as "substantial gainful activity" that a claimant has done within the past 15 years and that lasted long enough for the claimant to learn to do it. *Id.* § 416.960(b)(1). If the claimant is unable to perform past relevant work, however, the ALJ proceeds to step five to determine whether, in light of the claimant's RFC, age, education, and work experience, the claimant can perform other substantial gainful employment and whether such employment exists in significant numbers in the national economy. *Id*. § 416.920(a)(4)(v). In evaluating a claimant's RFC, the ALJ must consider the combined effect of all of the claimant's impairments, mental and physical, severe and nonsevere. 42 U.S.C. §§ 423(d)(2)(B), (5)(B).

The Court's review of the Commissioner's decision is limited to the record made during the administrative hearing process. *Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). A reviewing court is not permitted to try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (*Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court is required to accept the Commissioner's explicit findings and ultimate determination unless the record as a whole is without substantial evidence to support the ALJ's determination. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984) (citing 42 U.S.C. § 405(g)).

**B. The AC Decision**

The AC reversed the ALJ's decision to award Title XVI benefits to Plaintiff based on its step four finding. The AC agreed with the ALJ's conclusions at steps one, two, and three, including that Plaintiff was not presumptively disabled at step three because he did not have an impairment or combination of impairments that medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. However, the AC rejected the ALJ's step four finding that Plaintiff was unable to perform any past relevant work. The AC instead determined that Plaintiff's RFC permitted him the ability to perform past work as a telemarketer and a general clerk. As a result, the AC concluded that Plaintiff was "not disabled" and therefore not entitled to SSI. AR 4-10.

**C. Plaintiff's Assertion of Error**

Plaintiff argues that the AC committed reversible error in two ways: (1) by improperly evaluating Plaintiff's allegations of disabling pain; and (2) by failing to consider the impact of Plaintiff's hearing loss in formulating the RFC. Plaintiff therefore requests that this case be reversed and/or remanded pursuant to sentence four of 42 U.S.C. § 405(g) for additional consideration. DE 18 at 11-16.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

If the case contains an adequate record, "the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record

adequately establishes a claimant's entitlement to benefits. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). The Court addresses Plaintiff's assertions of error below.

1. **Plaintiff's allegations of disabling pain.**

The ALJ in the instant matter did not provide a written administrative opinion but instead completed a "Bench Decision Checklist" that contains the following RFC assignment: "frequent" lifting of 10 pounds; "occasional" lifting of 20 pounds; sitting, standing, and/or walking for six hours during an eight-hour workday; no overhead reaching and only "frequent" reaching in other directions; no climbing ladders, scaffolds, or ropes; and no exposure to temperature extremes, workplace hazards, or vibrations. AR 14.[4] The ALJ appears to have accepted Plaintiff's allegations of disabling pain as credible given that he additionally limited Plaintiff to unskilled work "due to pain" (AR 14), a finding which, according to the vocational expert who testified during the administrative hearing, would preclude Plaintiff from being able to perform any past relevant work. AR 33.[5] Without this additional restriction to unskilled work, Plaintiff could perform past relevant work as a telemarketer and a general clerk. AR 32-33. The AC's subsequent rejection of Plaintiff's allegations regarding the severity of his pain, and resultant finding that Plaintiff is able to perform past relevant work despite his other physical limitations, is therefore the salient issue before the Court.

---

[4] The RFC includes the phrase, "occasional other postural" (AR 14), although it is not entirely clear what specific limitations fall under this description. The Court assumes the ALJ borrowed the language from one of the reviewing state agency physicians, who opined that Plaintiff would be limited to "occasional" participation in the following activities: climbing ramps/stairs, climbing ladders/ropes/scaffolds, balancing, stooping, kneeling, crouching, and crawling. AR 78.

[5] "Unskilled work" is defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968(a).

When allegations of disabling pain are at issue, the Commissioner is required to assess the subject claimant's statements regarding the "intensity, persistence, and limiting effects of the symptoms" and "evaluate whether the statements are consistent with objective medical evidence and other evidence." SSR 16-3p, 2017 WL 5180304, at *6.[6] As part of this credibility determination, the Commissioner must consider numerous factors that include: the claimant's daily activities; the location, duration, frequency, and intensity of the alleged pain; any precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any pain medication; any treatment, other than medication, that the claimant has received to relieve the pain; and any other factors regarding the claimant's functional limitations and restrictions due to pain. 20 C.F.R. § 416.929(c)(3).

Plaintiff argues that the AC improperly rejected Plaintiff's allegations of disabling pain by claiming that the ALJ "was in a better position to judge the Plaintiff's credibility." DE 18 at 14. This misconstrues the standard of review, however, as the Court's role is to determine whether substantial evidence supports the *Commissioner's* decision. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Because the AC's decision represents the final determination of the Commissioner in this case, the relevant inquiry is limited to whether substantial evidence supports the AC's conclusion. *See Johnson v. Sec'y of Health & Human Servs.*, 948 F.2d 989, 992 (6th Cir. 1991) ("In a case such as this, where the findings of the Administrative Law Judge and the Appeals

---

[6] SSR 16-3p's predecessor, SSR 96-7p, included language requiring the ALJ to make a "credibility" determination based on the claimant's statements about the limiting effects of his alleged symptoms. 1996 WL 374186, at *3 (July 2, 1996). Although SSR 16-3p eliminated the term "credibility," this cosmetic revision did not substantively alter the relevant analysis. *See Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119, n.1 (6th Cir. 2016) (noting that SSR 16-3p removed the term "credibility" only to "clarify that subjective symptom evaluation is not an examination of an individual's character").

Council are in conflict, the question before us is whether substantial evidence supports the Appeals Council's decision") (citing *Mullen v. Bowen,* 800 F.2d 535, 546 (6th Cir. 1986) (en banc)).

The Court therefore turns to the AC's written decision, which contains numerous reasons for finding that Plaintiff's allegations of disabling pain were "not fully consistent with [or] supported by the medical and other evidence in the record." AR 8. The AC pointed to the lack of evidence suggesting that Plaintiff's pain was of such a severity that it would preclude him from performing more than unskilled work, including Plaintiff's own reports that he has no problems with independent personal care, "getting around," or shopping. AR 8; 191-93. Such daily activities were properly considered by the AC. *See* 20 C.F.R. § 416.929(c)(3)(i). The AC also emphasized that no provider had referred Plaintiff for orthopedic surgery to address any of his physical conditions, as was appropriate. *See* 20 C.F.R. § 416.929(c)(3)(v). Additionally, the AC noted that Plaintiff received only conservative medical treatment consisting of non-prescription medication that was effective in reducing his pain (AR 7-8), which similarly bolsters the AC's conclusion. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) ("[Plaintiff's] use of only mild medications … undercuts complaints of disabling pain[.]") (citing *Kimbrough v. Sec'y of Health & Human Servs.,* 801 F.2d 794, 797 (6th Cir. 1986)); *Branson v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 678 (6th Cir. 2013) (holding that conservative treatment "suggests the absence of a disabling condition"). Such robust analysis effectively eliminates any prospect of reversal for Plaintiff. *See Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001) (noting that a reviewing court "may not disturb [a credibility determination] absent compelling reason").

Plaintiff does not address this discussion in his brief, instead relying on a rote recitation of the findings from a shoulder MRI and two office notes documenting clinical visits in November 2017. The Court first notes that the AC provided a detailed discussion of all of the imaging studies

relevant to Plaintiff's conditions before concluding that such evidence was not supportive of his allegations of disabling pain. AR 6-7. The discussion included reference to the "mild" degenerative changes in Plaintiff's bilateral shoulders (AR 481-83), a finding which tends to undermine Plaintiff's claims regarding the severity of his pain. *See Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 713 (6th Cir. 1988) ("Nor can it be said that mildly degenerative arthritis is necessarily so severe a condition as to reasonably be expected to produce disabling pain.").

Additionally, while Plaintiff notes that he rated his pain as "6" on a 10-point scale on November 13, 2017 (AR 629), he reported that his pain level was "0" during a visit less than one month later. AR 600. Plaintiff continued to report mild pain in May 2018 (AR 583-84) and denied experiencing any back pain, stiffness, myalgia, numbness, or tingling during one of his final documented office visits. AR 556. Moreover, in addition to discussing objective physical findings, imaging studies, and daily activities, the AC referenced inconsistencies in Plaintiff's administrative hearing testimony and the absence of any mental impairment that would warrant limiting Plaintiff to "unskilled work." AR 6. The AC therefore appropriately concluded that the record failed to substantiate Plaintiff's complaints regarding the severity of his pain and offered no basis on which to limit Plaintiff to unskilled work.

Contrary to Plaintiff's suggestion otherwise, the AC is permitted to reject an ALJ's credibility determination so long as it "do[es] so expressly, identifying the considerations which led it to its conclusion." *Garcia v. Comm'r of Soc. Sec.*, 732 F. App'x 425, 429 (6th Cir. 2018) (quoting *Beavers v. Sec'y of Health, Ed. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978)). Because Plaintiff's brief does not establish that the AC's conclusions lack the support of substantial evidence, this assertion of error is rejected.

**2. Plaintiff's hearing loss.**

Plaintiff's final assertion of error involves a perfunctory claim that both the ALJ and AC erred by failing to consider the impact of his hearing loss on the RFC. Plaintiff notes that he previously reported to a provider that this hearing condition "is annoying." DE 18 at 15.

Plaintiff's argument is unavailing for numerous reasons. First, Plaintiff did not claim at any point during the administrative process that he suffered from a hearing impairment, which is significant given that the Commissioner is not required to uncover every condition that a claimant has endured. *See Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) ("The burden lies with the claimant to prove that [he] is disabled."); *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) (the ALJ is not required "to discuss those capacities for which no limitation is alleged") (internal citations omitted). Second, while Plaintiff was indeed diagnosed with "sensorineural hearing loss," his provider specifically opined that this condition had no functional impact on his daily life (AR 540-41) and Plaintiff fails to identify any evidence to the contrary, which obviates the need for remand in this matter. *See Perez v. Comm'r of Soc. Sec.*, No. 2:14-cv-12403, 2016 WL 8094530, at *5 (E.D. Mich. Sept. 22, 2016) ("[R]emand of the present case would be an idle and useless formality that converts the Court's review into a ping-pong game with the same eventual result.") (citing *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 654 (6th Cir. 2009)) (internal quotations omitted).

Finally, the Court notes that Plaintiff's prior request for disability benefits from the Department of Veterans Affairs ("VA") based on his hearing condition was unsuccessful. Following an in-person examination, the VA determined that Plaintiff's hearing loss did not impact his ability to work and thus did not represent a disability. AR 538-42.[7] While the criteria utilized

---

[7] It was also noted that Plaintiff reported recurrent tinnitus, although the VA explained that the medical records "do not contain any direct evidence of tinnitus[.]" AR 542.

by the VA to reach this non-disability finding do not necessarily correspond to those involved in a Social Security disability analysis, the VA's decision does provide additional support for the Court's conclusion that the Commissioner's failure to discuss Plaintiff's hearing condition represents harmless error. *See Gray v. Astrue*, 780 F. Supp. 2d 548, 554 (E.D. Ky. 2011) ("[E]vidence used to make decisions regarding disability by another agency … may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules.") (citing SSR 06-03p, 2006 WL 2329939, at *7 (Aug. 9, 2006)) (internal quotations omitted).

Plaintiff's argument that the Commissioner erred by failing to find any functional limitations stemming from an impairment that he did not allege is not persuasive. Even without regard to the foregoing analysis, Defendant astutely notes that Plaintiff has failed to explain how a hearing condition that has allegedly existed since 1976 (AR 542), several decades before he stopped working, currently precludes him from gainful employment. For all of these reasons, Plaintiff's assertion of error is rejected.

## V. RECOMMENDATION

For the above stated reasons, it is recommended that Plaintiff's motion for judgment on the administrative record (DE 17) be DENIED and the Commissioner's decision be AFFIRMED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order.

*See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

        Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge